UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
                                    :
DARYL PIERCE,                       :
                                    :
         Petitioner,                :   Civ. No. 14-0758 (NLH)
                                    :
    v.                              :   OPINION
                                    :
UNITED STATES OF AMERICA,           :
                                    :
         Respondent.                :
_____:

APPEARANCES:

Daryl Pierce, #05620-067
U.S.P. McCreary
P.O. BOX 3000
Pine Knot, KY 42635
    Petitioner pro se

HILLMAN, District Judge

    Petitioner Darryl Pierce files this motion under 28 U.S.C. § 2255 challenging his conviction and alleging ineffective assistance of counsel.  For the reasons that follow, the Petition will be dismissed for lack of jurisdiction.

I. BACKGROUND

    Petitioner was indicted in the District of New Jersey on November 14, 2006 in a three-count indictment.  Count 1 charged distribution of cocaine in violation of 21 U.S.C. § 841.  Count 2 charged the Petitioner with knowingly and willfully possessing

and brandishing a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A)(ii).  Count 3 charged violations of 18 U.S.C. §§ 922(g) and 924(e)(1) alleging that the Petitioner was an Armed Career Criminal.

On May 10, 2007 Petitioner entered a plea to Count 3 of the Indictment in exchange for dismissal of Counts 1 and 2. Petitioner pled guilty pursuant to a written plea agreement, dated March 29, 2007 and signed by the Petitioner on April 25, 2007, which contained a comprehensive waiver of appeal and collateral attack.  In that agreement, the parties jointly agreed that the Court should sentence the Petitioner to the statutory mandatory 15-year sentence required upon a conviction under the statute applicable to Count 3, 18 U.S.C. § 924(e)(1). That agreement, while binding on the parties, was not binding on the Court.  On November 15, 2007, this Court sentenced the Petitioner to a term of 16 years (192 months) and upon motion of the United States dismissed Counts 1 and 2 of the Indictment.

On October 19, 2010, Petitioner filed a motion under 28 U.S.C. § 2255 challenging his conviction on various grounds. See Pierce v. United States of America, Civil Action No. 10-5387 (NLH).  On June 23, 2011, this Court issued a Miller Notice[1] and

---

[1] No Miller notice and order is necessary to afford Petitioner an opportunity to raise additional § 2255 grounds, because it is Petitioner's second motion under § 2255.  The purpose of the Third Circuit's decision in United States v. Miller, 197 F.3d

Order advising Petitioner of his obligation to file a single petition asserting all potential claims or face the risk of a second or successive habeas petition bar and to notify the Court of his intentions within 45 days.  He later supplemented that motion, out of time, with filings entered on December 18 and December 27, 2011.  The government filed a motion to dismiss the Petition on April 18, 2012.  In an Order dated July 2, 2012, this Court granted the government's motion and dismissed the Petition as untimely.  Petitioner's Motion for Reconsideration was denied in an Order dated June 24, 2014 and the civil case was terminated.

Petitioner has now filed another habeas petition challenging his conviction on the grounds that he received ineffective assistance of counsel.

II.  STANDARD OF REVIEW

United States Code Title 28, Section 2243, provides in relevant part as follows:

---

644 (3d Cir.1999), was to provide fair warning to petitioners whose petitions were being re-characterized as § 2255 motions so that they could ensure that all their claims were fully raised in a single all-encompassing § 2255 petition.  Such warning, the Miller court reasoned, is necessary because petitioners will thereafter be unable to file "second or successive" § 2255 petitions without certification by the Court of Appeals.  As this is Petitioner's second § 2255 motion, no purpose would be served by a Miller notice.

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.

A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers. Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972). A pro se habeas petition must be construed liberally. See Hunterson v. DiSabato, 308 F.3d 236, 243 (3d Cir.2002). Nevertheless, a federal district court can dismiss a habeas corpus petition if it appears from the face of the petition that the petitioner is not entitled to relief. See Denny v. Schult, 708 F.3d 140, 148 n. 3 (3d Cir. 2013). See also 28 U.S.C. §§ 2243, 2255.

### III.  ANALYSIS

"It is axiomatic that federal courts are courts of limited jurisdiction, and as such are under a continuing duty to satisfy themselves of their jurisdiction before proceeding to the merits of any case." Packard v. Provident Nat. Bank, 994 F.2d 1039, 1049 (3d Cir.) (citations omitted), cert. denied, 510 U.S. 946 (1993). See also Gunn v. Minton, 133 S.Ct. 1059, 1064 (2013); Bender v. Williamsport Area School District, 475 U.S. 534, 541 (1986).  Here, Petitioner has asserted jurisdiction under 28

U.S.C. § 2255.  This is Petitioner's second habeas petition filed in this district and, although he alleges different grounds for relief, this Petition challenges the same underlying conviction as his previous petition.  Thus, the Petition presently before the Court must be considered a second or successive motion under § 2255, for which Petitioner has not received authorization to file, and over which this Court lacks jurisdiction.[2] 28 U.S.C. § 2255.

If a "second or successive" habeas petition is filed in the district court without authorization from the appropriate court of appeals, the district court may dismiss for lack of jurisdiction or transfer the petition to the court of appeals pursuant to 28 U.S.C. § 1631. See Padilla v. Miner, 150 F. App'x 116 (3d Cir. 2005); Littles v. United States, 142 F. App'x 103, 104 n.1 (3d Cir. 2005) (citing Robinson v. Johnson, 313 F.3d 128, 139 (3d Cir. 2002), cert. denied, 540 U.S. 826 (2003)). However, because § 2244(b) is effectively "'an allocation of subject-matter jurisdiction to the court of appeals,'" Robinson v. Johnson, 313 F.3d at 140 (quoting Nunez v. United States, 96 F.3d 990, 991 (7th Cir. 1996)), a district court may dismiss

---

[2] Petitioner does not allege that he has received permission from the Third Circuit to file a second or successive motion and it does not appear from this Court's review of filings in the Third Circuit that he has sought or received such permission.

such a petition only without prejudice. See Ray v. Eyster, 132 F.3d 152, 155-56 (3d Cir. 1997).

As Petitioner has already filed a § 2255 motion in this district, and cannot file a second or successive motion without leave of the appropriate Court of Appeals, this Court must determine whether transfer of this Petition to the Court of Appeals for the Third Circuit, for consideration as an application for leave to file a "second or successive" petition, would be in the interest of justice.  Under 28 U.S.C. §§ 2244 and 2255, the Court of Appeals may authorize the filing of a second or successive § 2255 motion only if it contains "(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense, or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255.

Petitioner does not allege as a grounds for relief any of those for which a Court of Appeals may authorize the filing of a second or successive § 2255.  Accordingly, it would not be in the interest of justice to transfer this Petition to the Court of Appeals for the Third Circuit.

IV.   CERTIFICATE OF APPEALABILITY

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2255.  A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 327 (2003). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000).

Here, jurists of reason would not find it debatable whether this Court's procedural ruling is correct.  Accordingly, this Court will decline to issue a certificate of appealability pursuant to 28 U.S.C. § 2253(c)(2).

V.   CONCLUSION

For the reasons set forth above, this Court finds that it lacks jurisdiction over the Petition and will dismiss it without prejudice.

An appropriate Order follows.

                                      ___s/ Noel L. Hillman___
                                      NOEL L. HILLMAN
                                      United States District Judge

Dated: March 3, 2015

At Camden, New Jersey