UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
                                       :
DARYL PIERCE,                          :
                                       :
         Petitioner,                   :   Civ. No. 14-0758 (NLH)
                                       :
    v.                                 :   OPINION
                                       :
UNITED STATES OF AMERICA,              :
                                       :
         Respondent.                   :
_____:


APPEARANCES:

Daryl Pierce, #05620-067
U.S.P. McCreary
P.O. BOX 3000
Pine Knot, KY 42635
     Petitioner pro se


HILLMAN, District Judge

     This matter is presently before the Court upon receipt of a

Motion (ECF No. 7) by Petitioner Darryl Pierce seeking

reconsideration of the Court's March 3, 2015 Order (ECF No. 6)

dismissing his motion under 28 U.S.C. § 2255 for lack of

jurisdiction as "second and successive."  For the reasons that

follow, the Motion will be DENIED.

                    I.   BACKGROUND

     The procedural history of this case is set forth in the

Court's March 3, 2015 Opinion (ECF No. 5) and need not be

repeated in detail here.  In relevant part, in May 2007,

Petitioner pled guilty to a violation of 18 U.S.C. §§ 922(g) and 924(e)(1).  On November 15, 2007, this Court sentenced the Petitioner to an enhanced term of 16 years (192 months) pursuant to the Armed Career Criminal Act ("ACCA").

On October 19, 2010, Petitioner filed a motion under 28 U.S.C. § 2255 challenging his conviction on various grounds. See Pierce v. United States of America, Civil Action No. 10-5387 (NLH).  That Petition was dismissed as untimely.  Petitioner's Motion for Reconsideration was denied in an Order dated June 24, 2014 and the civil case was terminated.

Petitioner then filed another motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 (ECF No. 1), which resulted in the instant case, Civ. No. 14-758. Petitioner also submitted an Addendum (ECF No. 2) and an Amended Petition (ECF No. 4).

In his submissions, Petitioner challenged his conviction on the ground that he received ineffective assistance of counsel when his counsel failed to object to, and advised him to plead guilty to, an Armed Career Criminal Act designation. (Am. Pet. 4, ECF No. 4).  In support of his position, Petitioner cites to Descamps v. United States, 133 S. Ct. 2276, 2281, 186 L. Ed. 2d 438 reh'g denied, 134 S. Ct. 41, 186 L. Ed. 2d 955 (2013); Alleyne v. United States, 133 S. Ct. 2151, 186 L. Ed. 2d 314 (2013); Apprendi v. New Jersey, 530 U.S. 466 (2000); and S.

Union Co. v. United States, 132 S. Ct. 2344, 183 L. Ed. 2d 318 (2012).

In an Opinion dated March 3, 2015, the Court determined that the habeas petition was a "second or successive" petition for which Petitioner had not sought permission from the Third Circuit Court of Appeals. (ECF No. 2).  Accordingly, the § 2255 petition was dismissed for lack of jurisdiction and the Court denied a Certificate of Appealability.  The case was closed.

On or about March 20, 2015, Petitioner filed a Motion for Reconsideration (ECF No. 7), and the case was reopened for review by a judicial officer.  In his Motion, Petitioner relies on the Supreme Court's holding in Slack v. McDaniel, 529 U.S. 473, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000), and asserts that because his previous § 2255 petition was dismissed as untimely, it was not adjudicated on the merits.  Petitioner contends that the instant § 2255 petition is therefore not "second or successive" because his first federal habeas petition under § 2255 was dismissed on procedural grounds.  Petitioner asks the Court to vacate its March 3, 2015 Order and reinstate the case.

## II.   STANDARD OF REVIEW

A motion for reconsideration may be treated as a motion to alter or amend judgment under FED. R. CIV. P. 59(e), or as a motion for relief from judgment or order under FED. R. CIV. P. 60(b), or it may be filed pursuant to Local Civil Rule 7.1(i).

The purpose of a motion for reconsideration "is to correct manifest errors of law or fact or to present newly discovered evidence." Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999).  A judgment may be altered or amended only if the party seeking reconsideration shows: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. Id.

A motion for reconsideration may not be used to re-litigate old matters or argue new matters that could have been raised before the original decision was reached. P. Schoenfeld Asset Mgmt., L.L.C. v. Cendant Corp., 161 F. Supp. 2d 349, 352 (D.N.J. 2001).  Mere disagreement with the Court will not suffice to show that the Court overlooked relevant facts or controlling law, United States v. Compaction Sys. Corp., 88 F. Supp. 2d 339, 345 (D.N.J. 1999), and should be dealt with through the normal appellate process, S.C. ex rel. C.C. v. Deptford Twp. Bd. of Educ., 248 F. Supp. 2d 368, 381 (D.N.J. 2003).

### III.  ANALYSIS

Petitioner does not contend that there has been an intervening change in the law; nor does he allege the availability of new evidence that was not available when the

4

Court issued its Order dismissing the § 2255 habeas petition.
Rather, Petitioner moves for reconsideration only on the basis
that there is a purported need to correct a clear error of law
or fact. (Mot. 3, 4, ECF No. 7).

Specifically, Petitioner asserts that his previous motion
under § 2255 — which was deemed untimely — was dismissed on
procedural grounds. Because Petitioner contends that his first
federal habeas petition was not adjudicated on the merits, he
concludes that the instant § 2255 petition cannot be considered
"second and successive." As stated above, Petitioner relies on
the holding in Slack v. McDaniel, 529 U.S. 473, 120 S. Ct. 1595,
146 L. Ed. 2d 542 (2000) in support of his position.

The holding in Slack and its progeny, however, determined
that petitions that were dismissed for failure to exhaust state
remedies had not been adjudicated on the merits; thus, petitions
filed subsequent to those types of dismissals were not "second
and successive" as that term is understood in the habeas
context. See Slack, 529 U.S. 473.

By contrast, courts are generally in agreement that the
dismissal of a first federal petition as untimely constitutes an
adjudication on the merits, rendering any later-filed petition
"second or successive." See, e.g., McNabb v. Yates, 576 F.3d
1028, 1030 (9th Cir. 2009) ("We therefore hold that dismissal of
a section 2254 habeas petition for failure to comply with the

statute of limitations renders subsequent petitions second or successive for purposes of the AEDPA ....") (cited with approval in <u>Stokes v. Gehr</u>, 399 F. App'x 697, 699 n. 2 (3d Cir. 2010)); <u>Villanueva v. United States</u>, 346 F.3d 55, 58 (2d Cir. 2003) (holding that a petition that has been dismissed as time-barred has been decided on the merits and renders any petition "second or successive" under the AEDPA); <u>see also</u> <u>Candelaria v. Hastings</u>, No. 12-3846, 2014 WL 2624766, at *3 (D.N.J. June 12, 2014); <u>Terry v. Bartkowski</u>, No. 11-0733, 2011 WL 5142859, at *3 (D.N.J. Oct. 28, 2011).

A court in this circuit concisely articulated the argument against treating timeliness as a technical procedural ruling:

> Harris argues that if a district court dismisses an initial § 2255 petition on timeliness grounds, a subsequent § 2255 petition is not "second or successive" because the prior dismissal was, in the words of the Supreme Court, a dismissal on "technical procedural reasons" that should not bar the prisoner from receiving habeas relief. <u>Stewart</u>, 523 U.S. at 645 (illustrating the term "technical procedural reasons" with decisions in which district courts dismissed habeas petitions for failure to pay the $5 filing fee or submit <u>in forma pauperis</u> forms).
>
> We decline Harris's invitation to define AEDPA's one-year statute of limitations as a mere "technical procedural" rule akin to a filing fee requirement. Under Harris's theory, a defendant whose initial petition was time-barred could skirt both the statute of limitations and AEDPA's gatekeeping provisions by filing in the district court a second petition – which would actually be deemed a first petition – without receiving leave of the Court of Appeals.  Such a result is not compelled by the Supreme Court's decisions in <u>Slack</u> and <u>Stewart</u>, and it would

6

eviscerate AEDPA's statutory scheme.  We therefore conclude that, even though the term "second or successive petition" is a "term of art given substance in [the Supreme Court's] prior habeas corpus cases," Slack, 529 U.S. at 486, it is a term whose post-AEDPA meaning by necessity includes habeas petitions by defendants whose initial petitions were dismissed on statute of limitations grounds. Accord McMillan v. Senkowski, No. 01-1259, 2002 WL 221587, at * 3 (S.D.N.Y. Feb.11, 2002); Hamer v. Cockrell, No. 01-2020, 2002 WL 66310, at * 1 (N.D.Tex. Jan.11, 2002). See also Guyton v. United States, 23 [F. App'x] 539, 540 (7th Cir. 2001) (dismissal of a habeas petition "because the district court determined, albeit erroneously, that it was not filed within the applicable statute of limitations ... operates to dispose of the case on the merits as much as an erroneous finding that a petitioner had failed to state an element of a claim").

United States v. Harris, No. 02-6825, 2002 WL 31859440, at *3

(E.D. Pa. Dec. 20, 2002).

Thus, because Petitioner's initial federal habeas petition, Civ. No. 10-5387, was dismissed as untimely, it was adjudicated on the merits and the instant Petition is "second and successive." [1]

---

[1] This Court notes that case law outside of the AEDPA statute of limitations context exists which suggests that a ruling based on timeliness is a procedural ruling which does not constitute an adjudication "on the merits." See e.g., United States v. Kwai Fun Wong, 135 S. Ct. 1625, 1628, 191 L. Ed. 2d 533 (2015) (finding that a time bar is a procedural rule); Gonzalez v. Crosby, 545 U.S. 524, 532 n.4, 125 S. Ct. 2641, 2648, 162 L. Ed. 2d 480 (2005) (stating that a ruling based on a statute of limitations bar was a type of ruling that precluded a determination on the merits).  However, these cases do not represent binding precedent that this concept applies universally, including habeas petitions.  Moreover, these cases do not directly address the question of whether a statute of limitations ruling constitutes a ruling on the merits and,

As this Court explained in its March 3, 2015 Opinion dismissing this Petition for lack of jurisdiction, Petitioner did not allege in his initial Petition (ECF No. 1), the Addendum (ECF No. 2), or his Amended Petition (ECF No. 4) that he sought or received permission from the Third Circuit to file a second or successive motion. (Order 5 n.2, Mar. 3, 2015, ECF No. 5). Neither does Petitioner make this allegation in his Motion for Reconsideration.  Accordingly, this Court properly determined that it lacked jurisdiction to consider this unauthorized "second or successive" petition.

Moreover, in the March 3, 2015 Opinion, this Court noted that under 28 U.S.C. §§ 2244 and 2255, the Court of Appeals may only authorize the filing of a second or successive § 2255 motion if it contains:

> (1)   newly discovered evidence that, if proven and
>        viewed in light of the evidence as a whole, would

---

instead, touch on the implications of a ruling based on timeliness in the course of deciding another issue. See e.g., Kwai Fun Wong, 135 S. Ct. 1625 (determining that FTCA time bar is nonjurisdictional); Gonzalez, 545 U.S. 524 (discussing whether a rule 60(b) motion is, in substance, a successive habeas petition); cf. Slack, 529 U.S. 473 (explicitly holding that failure to exhaust does not constitute a ruling on the merits).  Finally, as discussed above, other circuits and courts in this district have concluded that a dismissal of a habeas petition based on untimeliness constitutes an adjudication on the merits.  Therefore, until this issue is addressed with certainty in binding precedent, this Court will join with other courts in this district and conclude that a dismissal of a § 2254 petition based on the statute of limitations is an adjudication on the merits which renders a subsequently filed petition "second or successive."

> be sufficient to establish by clear and
> convincing evidence that no reasonable factfinder
> would have found the movant guilty of the
> offense, or
>
> (2)  a new rule of constitutional law, made
>      retroactive to cases on collateral review by the
>      Supreme Court, that was previously unavailable.

28 U.S.C. § 2255.

This Court then discussed whether a transfer of this Petition to the Court of Appeals for the Third Circuit, for consideration as an application for leave to file a "second or successive" petition, would be in in the interest of justice. Because Petitioner did not allege as a grounds for relief any of those for which a court of appeals may authorize the filing of a second or successive § 2255, this Court declined to transfer the Petition.

This Court now clarifies that it reached this conclusion because, contrary to Petitioner's assertions, the cases relied upon by Petitioner have not been held to apply retroactively on collateral review. See O'Neal-Sloane v. Warden Allenwood FCI, Medium, 576 F. App'x 63, 66 (3d Cir. 2014) (citing United States v. Reyes, 755 F.3d 210, 212 (3d Cir. 2014)) (holding that Alleyne does not apply retroactively to cases on collateral review); Wilcox v. United States, No. 11-1247, 2015 WL 179542, at *5 (D.N.J. Jan. 14, 2015) (citing Groves v. United States, 755 F.3d 588, 593 (7th Cir. 2014) (holding that Descamps has never been made retroactively applicable to cases on collateral

9

review); <u>United States v. Swinton</u>, 333 F.3d 481, 491 (3d Cir.

2003) (holding that <u>Apprendi</u> is not applicable retroactively to

cases on collateral review).[2]

IV.   <u>CONCLUSION</u>

For the reasons set forth above, Petitioner's Motion for

Reconsideration (ECF No. 7) is denied.  The case will be closed.

An appropriate Order follows.

```
                               ___s/ Noel L. Hillman_____
                               NOEL L. HILLMAN
                               United States District Judge
```

Dated: August 6, 2015

At Camden, New Jersey

---

[2] As noted earlier, Petitioner also cites <u>Southern Union</u> in support of his Petition. 132 S. Ct. 2344, 183 L. Ed. 2d 318 (2012).  However, <u>Southern Union</u> simply holds that the <u>Apprendi</u> rule applies to the imposition of criminal fines and, thus, has no bearing on the relief sought in the instant Petition. Moreover, as an extension of <u>Apprendi</u>, <u>see</u> <u>United States v. Basile</u>, 570 F. App'x 252, 258 (3d Cir. 2014), it is unlikely that <u>Southern Union</u> would apply retroactively.

10
